UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARGURUS, INC., <br>        Plaintiff, <br> v. <br> ENDURANCE WARRANTY SERVICES, LLC <br>        Defendant. | CIVIL ACTION <br> NO. 16-11361 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff CarGurus, Inc. ("CarGurus") hereby states this complaint for violations of the Lanham Act including trademark infringement and cybersquatting, and violations of the Massachusetts Consumer Protection Act, against Endurance Warranty Services, LLC ("Endurance"), as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367(a).

2. This court has personal jurisdiction over the defendant. On information and belief, the defendant serves customers in all 50 states, including Massachusetts.

3. Venue is proper in this district under 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff CarGurus is a Delaware corporation with its principal place of business in Cambridge, Massachusetts.

5. Defendant Endurance is, on information and belief, an Illinois limited liability company with its principal place of business in Northbrook, Illinois.

## FACTS

### CarGurus's Use of the CarGurus Marks

6. Founded in 2006, CarGurus offers services to make the online car shopping experience easier and more transparent, principally via its interactive website at www.cargurus.com. CarGurus analyzes millions of car listings to help buyers identify the best deals in their area. CarGurus also offers services for sellers, helping commercial dealerships attract customers and helping private parties determine the right price at which to list their cars. There is an active CarGurus user community where users can share information and solicit advice on a wide variety of automotive topics.

7. CarGurus also operates a popular blog called "The CarGurus Blog," which provides "[d]aily coverage of the world of cars, including upcoming cars, industry news, car politics, fun lists, and more." For example, a July 23, 2015 entry from CarGurus's blog entitled "Do You Need an Extended Warranty When Buying a Car?" offers advice to CarGurus's customers on the advisability of purchasing extended warranties. *See Exhibit A*. The blog post also includes a comment section. In addition, there are dozens of user-generated threads relating to the issue of extended warranties in the "Questions" section of CarGurus' website, all of which contain "Answers" sections, where users can respond. *See Exhibit B*.

8. CarGurus's popularity has soared since its founding. CarGurus is the most visited consumer automotive shopping website in the U.S. based on daily unique traffic as measured by ComScore. Over 20 million unique visitors visit cargurus.com monthly. Citing CarGurus's popularity, Ford Motor Company recently began syndicating its dealers' new-vehicle inventory to cargurus.com, raising the number of U.S.-based dealers in CarGurus's network to over 16,000.

9. In connection with its business, CarGurus has used its flagship CARGURUS Mark and CarGurus logo since 2006, and is the owner of following U.S. federal registrations (these marks individually and collectively referred to hereafter as the "CARGURUS Marks"):

(a) U.S. Registration No. 3315446 for CarGurus for the following services: Providing to consumers, via the Internet, consumer information on and reviews of automobiles and automotive products and services; promoting the goods and services of others by providing a website at which users can link to vendors of automobiles and automotive products and services. This registration is now incontestable.

(b) U.S. Registration Number 3315489 for CarGurus for the following services: Providing to consumers, via the Internet, consumer information on and reviews of automobiles and automotive products and services; promoting the goods and services of others by providing a website at which users can link to vendors of automobiles and automotive products and services. This registration is now incontestable.

(c) U.S. Registration Number 3312242 for CarGurus for the following services: Providing to consumers, via the Internet, consumer information on and reviews of automobiles and automotive products and services; promoting the goods and services of others by providing a website at which users can link to vendors of automobiles and automotive products and services. This registration is now incontestable.

(d) U.S. Registration Number 4807853 for CARGURUS for the following services: Promoting the goods and services of others by placing advertisements and promotional displays in an electronic site accessed via a global computer network; promoting the goods and services of others by providing a website by which users can obtain contact information for vendors of automotive products and services, and such vendors can obtain contact information for website users.

True and accurate copies of certificates of registration for these four federal registrations are attached hereto as *Exhibit C*.

10. On information and belief, CarGurus began using the CARGURUS Marks at least eight years before defendant began the conduct complained of below, using the mark CAR GURU, and at least eight years before defendant's car-guru.us domain name was registered.

11. Since February 27, 2006, also well before the complained-of conduct, CarGurus has owned the Internet domain name "cargurus.com." CarGurus conducts its business principally via a fully functioning e-commerce website at that internet address, through which customers can access the services described above.

12. CarGurus provides and sells its services in association with the CARGURUS Marks throughout the United States.

13. CarGurus has expended substantial resources on the advertising of its products and services, all using the CARGURUS Marks. CarGurus makes multi-million dollar investments to directly market its brand to consumers in the United States, Canada and the United Kingdom. Additionally, CarGurus has invested heavily in advertising its products and services to auto dealers and original equipment manufacturers (OEMs) through conferences, events, paid webinars, radio advertising, and mailers, all of which use the CARGURUS Marks. CarGurus has further developed its goodwill in the CARGURUS Marks through these marketing and advertising efforts.

14. As a result of its ongoing business efforts and advertising, CarGurus has developed substantial goodwill in the CARGURUS Marks. The CARGURUS Marks are distinctive, and have become strongly identified with CarGurus and its services. CarGurus's name and marks are both well-known and famous in their field, and as a result the CARGURUS Marks have come to and do represent extremely valuable business assets to CarGurus. Said marks and the business assets represented therein belong exclusively to CarGurus.

15. As a result of its ongoing business efforts and advertising, over 20 million unique visitors visit cargurus.com monthly. Customers located across the United States, including in Massachusetts, use CarGurus's services. CarGurus has continued to enjoy a solid and ever-expanding clientele in Massachusetts, as well as across the United States, North America, and worldwide.

**Endurance's Unauthorized Use of the CARGURUS Marks**

16. In or about 2014, the internet domain name "car-guru.us" was registered. The domain name was registered by APCM, an online advertising and marketing firm based in Los Angeles. Upon information and belief, APCM registered the domain name on behalf of Endurance. CarGurus did not authorize Endurance or APCM to register or use said domain name, or to make any reference to "CarGurus."

17. Endurance prominently displays the CAR GURU mark, including via the ![Car Guru logo] logo (collectively, the "Car Guru Logo") in multiple locations on the car-guru.us website. *See Exhibit D*. Users who click the links on the home page are taken to a page on which the same Car Guru Logo is displayed above the words "for ENDURANCE" and Endurance's logo. *See Exhibit E.*

18. Through its website, "car-guru.us," Endurance offers automotive services that are closely related to those offered by CarGurus. For example, Endurance offers extended automotive warranties and advice relating to such warranties. Its home page consists mostly of an article touting the advantages of extended warranties, along with a purported user comments section. *See Exhibit D.*

19. On information and belief, based on the content on Endurance's website, car-guru.us, consumers have accused "Car Guru" of "creat[ing] a fake website with fake comments to trick people into buying automobile warranties." *See Exhibit F*. Due to the extreme similarity between the CARGURUS Marks and the Car Guru Logo and the car-guru.us domain name, it is likely that consumers have and will continue to attribute their negative experiences with Endurance to CarGurus.

20. On information and belief, Endurance only recently began using the Car Guru Logo and the car-guru.us website. For example, according to whois.com, the car-guru.us domain name was registered on August 13, 2014. *See Exhibit G.*

21. CarGurus recently became aware of Endurance's use of the "car-guru.us" domain name and the Car Guru Logo when a CarGurus employee raised questions about Endurance's website to CarGurus.

22. Endurance has made unauthorized use of the CARGURUS Marks or marks that are nearly identical to the CARGURUS Marks to offer automotive-related services from its "car-guru.us" website.

23. On information and belief, Endurance serves customers in many states, including Massachusetts. The "car-guru.us" homepage prominently lists all 50 states under a heading that invites customers to find out how much an extended warranty will cost them. *See Exhibit D*.

24. On information and belief, prior to or in connection with registering the domain name "car-guru.us" and in reviewing the internet, Endurance became aware of CarGurus and its prior use of the CARGURUS Marks.

25. On information and belief, including the near identity of the marks at issue and the services offered by Endurance, Endurance is attempting to and is intentionally and willfully misappropriating and trading on CarGurus's goodwill and public recognition.

26. As a result of the above-described conduct, CarGurus has been substantially harmed, and that harm is ongoing and will continue until Endurance ceases the complained-of conduct.

## FIRST CAUSE OF ACTION
**(Violation of the Lanham Act, §§ 32 and 43(a))**

27. Plaintiff repeats the allegations in each of the above paragraphs as if fully realleged herein.

28. CarGurus is the owner of the above-listed U.S. trademark registrations for the CARGURUS Marks. The CARGURUS Marks and their registrations are valid, subsisting and unrevoked. Their registrations are *prima facie* evidence of the validity of the trademark registrations, plaintiff's ownership of the CARGURUS Marks, and plaintiff's exclusive right to use, without condition or limitation, the CARGURUS Marks in commerce throughout the United

States in connection with the provision of automotive-related services, as provided in 15 U.S.C. § 1057(b).

29. Through its activities, Endurance has in interstate commerce, or in a manner affecting such commerce, utilized words, terms, and names confusingly similar to the CARGURUS Marks, which were and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with CarGurus, and as to the origin, sponsorship, or approval by CarGurus of any products or services Endurance offers or intends to offer.

30. Such conduct is in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and such violations are ongoing.

31. Such conduct is also in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and such violations are ongoing.

32. Through such conduct, Endurance has caused and continues to cause irreparable harm to CarGurus, its CARGURUS Marks, and its goodwill and reputation, and has thereby damaged CarGurus.

## SECOND CAUSE OF ACTION
**(Violation of Anticybersquatting Consumer Protection Act)**

33. Plaintiff repeats the allegations in each of the above paragraphs.

34. The CarGurus Marks are "famous" marks within the meaning of Section 43(c)(2) of the Lanham Act.

35. CarGurus is the owner of the CARGURUS Marks.

36. With a bad faith intent to profit therefrom, Endurance has caused to be registered and used in commerce and for commercial purposes the domain name "car-guru.us" which is confusingly similar to CarGurus's domain name "cargurus.com" and to its distinct and famous CARGURUS Marks.

37. Endurance has shown its bad faith intention to profit from CarGurus's name and goodwill through its use of a domain name that, on information and belief, it knew was strikingly similar to the domain name already in use by CarGurus and to the CARGURUS Marks.

38. Such conduct is in violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and such violations are ongoing.

39. Through such conduct, Endurance has caused and continues to cause irreparable harm to CarGurus, its CarGurus Marks, and its goodwill and reputation, and has thereby damaged CarGurus.

## THIRD CAUSE OF ACTION
### (Violation of Massachusetts Consumer Protection Act)

40. Plaintiff repeats the allegations in each of the above paragraphs.

41. At all relevant times, CarGurus and Endurance have been engaged in the conduct of trade or commerce.

42. Through Endurance's unauthorized use of marks, names and domain names confusingly similar to the CARGURUS Marks, Endurance has knowingly, or with reason to know, created the impression of a sponsorship, approval, affiliation or connection between CarGurus and Endurance that Endurance knows it does not have. This conduct by Endurance constitutes a knowing and willful deceptive act or practice, in the conduct of commerce, in violation of the Massachusetts Consumer Protection Act, Mass. Gen. L. c. 93A.

43. As indicated by the fact that Endurance has misappropriated domain and business names virtually identical to those owned by CarGurus, on information and belief, Endurance was aware of CarGurus's pre-existing, exclusive rights to the CARGURUS Marks. This conduct by Endurance constitutes a knowing and deceptive act or practice, in the conduct of commerce, in violation of the Massachusetts Consumer Protection Act.

44. CarGurus has suffered a loss of money or property as a direct and proximate result of Endurance's unfair and deceptive acts or practices, which has occurred primarily and substantially within the Commonwealth of Massachusetts.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for an order of this Court holding that:

A. Endurance, by its adoption and usage of the CAR GURU mark, the Car Guru Logo, and the domain name "car-guru.us," has infringed CarGurus's trademark rights in the CARGURUS Marks in violation of 15 U.S.C. § 1114.

B. Endurance, by reason of its actual knowledge of plaintiff's prior use and appropriation of the CARGURUS Marks, and by subsequently adopting and continuing to use the Car Guru Logo and the domain name "car-guru.us" has intentionally and willfully committed unfair competition under 15 U.S.C. § 1125(a).

C. Endurance, by reason of its actual knowledge of plaintiff's prior use and appropriation of the CARGURUS Marks, violated CarGurus's trademark rights knowingly and willfully, and its infringement of the CARGURUS Marks is therefore exceptional pursuant to 15 U.S.C. § 1117(a).

D. Endurance, by using a domain name known to be associated with CarGurus, and which is confusingly similar to CarGurus's "cargurus.com" domain name has committed cyberpiracy in violation of 15 U.S.C. § 1125(d).

E. Endurance, by reason of its actual knowledge of the prior use and registration of the CARGURUS Marks and the domain name "cargurus.com" by plaintiff, and then by adopting and using the CAR GURU mark, the Car Guru Logo, and the domain name "car-guru.us" in connection with offering services that are substantially similar to the plaintiff's services, acted in an unfair and deceptive manner in violation of the Massachusetts Consumer Protection Act, Mass. Gen. L. c. 93A.

F. Endurance, its agents, servants, owners, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined and restrained pursuant to 15 U.S.C. § 1116 from promoting, selling, offering for sale, distributing or advertising automotive-related products or services under the CAR GURU mark,

the Car Guru Logo, the domain name "car-guru.us," or any other colorable variant of or any other mark or name confusingly similar to any of the CARGURUS Marks.

G. Endurance, its officers, directors, agents, servants, employees, attorneys, successors, assigns, members, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained pursuant to 15 U.S.C. § 1116 from the use of the CAR GURU mark, the Car Guru Logo, the domain name "car-guru.us," or any other colorable variant of or any other mark or name confusingly similar to any of the CARGURUS Marks in promotion, advertising or other commercial use in connection with automotive-related goods or services.

H. Endurance be ordered to immediately transfer to CarGurus the domain name "car-guru.us," and any other domain names in Endurance's possession or control that are confusingly similar to any of the CARGURUS Marks, and be further preliminary and permanently enjoined from the registration or use of any domain name consisting of a colorable imitation of any of the CARGURUS Marks in connection with automotive-related goods or services.

I. Endurance be ordered to provide an accounting to determine the damages CarGurus has suffered and the profits Endurance has made by reason of its infringing conduct.

J. Plaintiff be awarded any profits from the sale of Endurance's services or products under or in connection with the CAR GURU mark, the Car Guru Logo, and/or the domain name "car-guru.us" and all damages to plaintiff as a result of Endurance's infringement and acts of unfair competition.

K. That Plaintiff, at its election, be awarded $100,000 in statutory damages pursuant to 15 U.S.C. § 1117.

L. Plaintiff be awarded three times the amount of the damages and profits assessed as a consequence of Endurance's willful infringement and acts of unfair competition and its willful and knowing violation of the Massachusetts Consumer Protection Act.

M. Plaintiff recovers its costs herein.

N. Plaintiff be awarded its reasonable attorneys' fees incurred as a consequence of Endurance's willful trademark infringement and acts of unfair competition.

O. Plaintiff be granted such other and further relief as this Court shall deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims that are triable to a jury.

Respectfully submitted:

CARGURUS, INC.,

By its attorneys,

/s/ *Joshua M. Dalton*
Joshua M. Dalton, Esq. (BBO # 636402)
David O. Johanson, Esq. (BBO # 251740)
Peter G. Byrne, Esq. (BBO # 690519)
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110
Telephone: (617) 951-8000
Facsimile: (617) 951-8736
josh.dalton@morganlewis.com
david.johanson@morganlewis.com
peter.byrne@morganlewis.com

Dated: June 30, 2016